UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIANA IOINA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-25 |
| | § | |
| BRINKER INTERNATIONAL PAYROLL | § | |
| COMPANY, L.P., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On August 12, 2010, the Court held a phone conference in the above-styled action to consider Plaintiffs' Motion to Stay Litigation.  (D.E. 18.)  Plaintiffs request a stay of this action pending the Fifth Circuit's decision in Roussell v. Brinker International Payroll Company, L. P., Case No. 09-20561, which may address several legal questions at issue in the present litigation.[1]

"The power of a . . . court to issue a stay is broad, but it also rests within the sound discretion of the district court. Because each party to a lawsuit has a right to an expeditious determination of his claim, the district court must weigh competing interests in order to reach a fair decision. The burden is squarely on the party seeking the stay to show that there is a pressing need for a delay." Castanho v. Jackson Marine, Inc., 484 F. Supp. 201, 208-09 (E.D. Tex. 1980) (internal citations omitted); Trinity Industries, Inc. v. 188 L.L.C., 2002 WL 1315743, at *2 (N.D. Tex. June 13, 2002) (citing Castanho); see also Landis v. N. Amer. Co., 299 U.S. 248, 255 (1936) (noting that party seeking stay must "make out a clear case of hardship or inequity," but stating that this consideration

---

[1] Plaintiffs were originally part of the class in Roussell, 4:05-cv-03733, but that class was later partially decertified, leaving Plaintiffs to pursue their claims separately.  Plaintiffs filed this action on January 8, 2010.

counsels "moderation rather than limitations upon power.").  A motion to stay "may be justified when a similar action is pending in another court . . . .  In these situations the court's objectives are to avoid conflicting judicial opinions and to promote judicial efficiency."  Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure Civ. § 1360 (3d ed. 2010).

In light of these considerations, the Court finds that a six month stay of this action is warranted.  In their written Motion and during the phone conference, Plaintiffs represented to the Court that the legal questions at issue in this case may be decided by the Fifth Circuit in Roussell v. Brinker International Payroll Company, L. P. (D.E. 18 at 2-3.)  Defendant disputed this characterization, but declined to divulge the nature of the legal issues to be appealed.  As the legal issues in this case may well be decided by the Fifth Circuit in Roussell, a stay is necessary to avoid conflicting judicial opinions and accrual of unnecessary attorney's fees pending the Fifth Circuit's decision.

For these reasons, the Court GRANTS IN PART Plaintiffs' Motion to Stay Litigation  (D.E. 18), and stays this action for six months.  Without further order of this Court, this stay shall expire on February 12, 2011.

SIGNED and ORDERED this 12th day of August, 2010.

_____
Janis Graham Jack
United States District Judge